UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

RAUL ARMANDO VILORIO CASCO, and all others similarly situated

    Plaintiff,

vs.

TAMIAMI CENTRAL PLAZA LLC,
HORIZON PROPERTIES OF MIAMI, INC.

    Defendants.
_____/

## COMPLAINT

COMES NOW Plaintiff, RAUL ARMANDO VILORIO CASCO, by and through his undersigned attorney, and hereby sues Defendants, TAMIAMI CENTRAL PLAZA LLC and HORIZON PROPERTIES OF MIAMI, INC., and as grounds alleges:

### JURISDICTIONAL ALLEGATIONS

1. This is an action to recover monetary damages, liquidated damages, interests, costs and attorney's fees for willful violations of overtime wages under the laws of the United States, the Fair Labor Standards Act, 29 U.S.C. §§201-219) ("the FLSA"). This is also an action for unpaid commissions.

2. Plaintiff is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court.

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 because this action involves the Fair Labor Standards Act, 29 U.S.C. §§201, *et seq.*, a federal statute.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(c) and (d).

5. Defendants TAMIAMI CENTRAL PLAZA LLC and HORIZON PROPERTIES OF MIAMI, INC., are Companies which regularly conducted business within the Miami-Dade County Florida.

6. Defendants TAMIAMI CENTRAL PLAZA LLC and HORIZON PROPERTIES OF MIAMI, INC., operated related business which managed properties within Miami-Dade County Florida.

## ENTERPRISE COVERAGE

7. TAMIAMI CENTRAL PLAZA LLC is and, at all times pertinent to this Complaint an enterprise engaged in commerce, as it had two or more employees on a regular and consistent basis handle goods and/or materials that had moved in interstate commerce.  Specifically, Plaintiff and at least one other employee of TAMIAMI CENTRAL PLAZA LLC would routinely handle equipment, tools, vehicles, and materials on a regular and consistent basis. These equipment, tools, vehicles, and materials handled or used by Plaintiff, as well as other employees of TAMIAMI CENTRAL PLAZA LLC had travelled in interstate commerce. Furthermore, TAMIAMI CENTRAL PLAZA LLC, by and through their employees, obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business and transmits funds outside the State of Florida.

8. Upon information and belief, the annual gross revenue of TAMIAMI CENTRAL PLAZA LLC was at all times material hereto in excess of $500,000.00 per annum gross for the years 2018, 2019, 2020 and is expected to exceed $500,000 for the year 2021. By reason of the foregoing, TAMIAMI CENTRAL PLAZA LLC is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s) and/or Plaintiff is within interstate commerce.

9. HORIZON PROPERTIES OF MIAMI, INC. is and, at all times pertinent to this Complaint an enterprise engaged in commerce, as it had two or more employees on a regular and consistent basis handle goods and/or materials that had moved in interstate commerce. Specifically, Plaintiff and at least one other employee of HORIZON PROPERTIES OF MIAMI, INC. would routinely handle equipment, tools, vehicles, and materials on a regular and consistent basis. These equipment, tools, vehicles, and materials handled or used by Plaintiff, as well as other employees of HORIZON PROPERTIES OF MIAMI, INC. had travelled in interstate commerce. Furthermore, HORIZON PROPERTIES OF MIAMI, INC., by and through their employees, obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business and transmits funds outside the State of Florida.

10. Upon information and belief, the annual gross revenue of HORIZON PROPERTIES OF MIAMI, INC., was at all times material hereto in excess of $500,000.00 per annum gross for the years 2018, 2019, 2020 and is expected to exceed $500,000 for the year 2021. By reason of the foregoing, HORIZON PROPERTIES OF MIAMI, INC., is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s) and/or Plaintiff is within interstate commerce.

11. By reason of the foregoing, HORIZON PROPERTIES OF MIAMI, INC., is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s) and/or Plaintiff is within interstate commerce.

12. Upon information and belief, TAMIAMI CENTRAL PLAZA LLC and HORIZON PROPERTIES OF MIAMI, INC. operated as a 'Joint Enterprise'. The income of two or more separate businesses may be aggregated and considered a joint enterprise for establishing enterprise coverage. Joint enterprise requires that the two (or more) businesses: a) perform related activities; b) through a unified operation control; and c) for a common business purpose.

13. Upon information and belief, the combined gross annual revenue for Defendants TAMIAMI CENTRAL PLAZA LLC and HORIZON PROPERTIES OF MIAMI, INC. is more than $500,000.00 for the years of 2018, 2019 and 2020. Upon information and belief, the combined gross annual revenue of Defendants TAMIAMI CENTRAL PLAZA LLC and HORIZON PROPERTIES OF MIAMI, INC. is more than $125,000.00 during the first quarter of 2021.

14. TAMIAMI CENTRAL PLAZA LLC and HORIZON PROPERTIES OF MIAMI, INC. businesses are intertwined and the management services activities provided by HORIZON PROPERTIES OF MIAMI, INC. to TAMIAMI CENTRAL PLAZA LLC were auxiliary to the operation of TAMIAMI CENTRAL PLAZA LLC property. Both entities exhibited unified or common control over the operation of the property as well as over Plaintiff and other employees such as by controlling their schedule and activities and determining employees pay. Both entities activities involved a common business purpose in the maintenance and operation of the property owned by TAMIAMI CENTRAL PLAZA LLC.

15. Based on the foregoing, HORIZON PROPERTIES OF MIAMI, INC. to TAMIAMI CENTRAL PLAZA LLC effectively acted as one entity and should be considered a *Joint Enterprise* for FLSA purposes. Accordingly, Defendants HORIZON PROPERTIES OF MIAMI, INC. to TAMIAMI CENTRAL PLAZA LLC are and were, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as

defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s) and/or Plaintiff is within interstate commerce.

Both HORIZON PROPERTIES OF MIAMI, INC. to TAMIAMI CENTRAL PLAZA LLC exercised control over Plaintiff's work such as determining Plaintiff's schedule and duties; supervised Plaintiff's work; determined Plaintiff's rate of pay and that payment would be issued through Tamiami Central Plaza LLC; both entities had the right to hire, fire or modify Plaintiff's employment conditions; both companies were uniformed in issuing payment to Plaintiff though Tamiami Central Plaza LLC; Tamiami Central Plaza LLC owned the premises where the work occurred but whose office was shared with employees of Horizon properties of Miami, Inc.; the maintenance work performed by Plaintiff was integral to both the management side of the business as well as to the property ownership side of the business to have a functioning operating premises; and while Tamiami Central Plaza  LLC invested in the facilities it is believed that Horizon Properties of Miami, Inc. invested in the equipment. Therefore, as both entities employed Plaintiff, both HORIZON PROPERTIES OF MIAMI, INC. to TAMIAMI CENTRAL PLAZA LLC should be deemed Plaintiff's joint employer under the Fair Labor Standards Act.

### COUNT I: UNPAID OVERTIME WAGES

16. Plaintiff re-alleges and re-avers paragraphs 1 through 15 as fully set forth herein.

17. Plaintiff was employed by the Defendants as a non-exempt maintenance worker.

18. Plaintiff was employed by Defendants from on or about the year 2007 through February 28, 2021.

19. Plaintiff worked approximately 68 hours a week.

20. Plaintiff was paid on a bi-weekly basis a total of $1,460 which is equivalent to an hourly rate of $21.47/hr. Plaintiff was not paid overtime wages when he worked more than 40 hour

per week. Accordingly, Plaintiff claims the halftime rate for each hour worked over 40 hours weekly.

21. The FLSA requires that employees be paid overtime hours worked in excess of forty (40) hours weekly at a rate of time-and-one-half the regular rate. At all times material hereto, Defendants failed to comply with Title 29 U.S.C. § 201-219 and 29 C.F.R. §516.2 and §516.4 et seq. in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendants to properly pay him at the rate of time and one-half for all hours worked in excess of forty (40) per workweek as provided in the FLSA.

22. Defendants knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act. Defendants were aware of Plaintiff's work schedule and further aware that Plaintiff was working more than 40 hours per week. Defendants were aware of Plaintiff's pay records and the rate that he was being paid for his hours. Upon information and belief, Defendants pay other employees in the same manner. Despite Defendants' having knowledge of Plaintiff's hours and their failure to pay overtime wages, Defendants did not change its pay practices and continued to fail to pay Plaintiff, and those similarly situated, the overtime wages he was due and woing. Thus, Defendants continue to willfully violate the FLSA despite having been sued for overtime wages.

23. The similarly situated individuals are those individuals whom were employed by the Defendants as maintenance workers, like the Plaintiff, and whom were not paid overtime wages.

24. Plaintiff has retained the law offices of the undersigned attorneys to represent him in this action and is entitled to award of reasonable attorney's fees.

WHEREFORE, Plaintiff requests compensatory and liquidated damages, and reasonable attorney's fees and costs from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for overtime owing from Plaintiff's entire employment period with Defendants, or as much as allowed by the Fair Labor Standards Act, whichever is greater, along with court costs.  In the event that Plaintiff does not recover liquidated damages, then Plaintiff will seek an award of prejudgment interest for the unpaid overtime, and any and all other relief which this Court deems reasonable under the circumstances.

## JURY DEMAND

Plaintiff and those similarly-situated demands trial by jury of all issues triable as of right by jury.

Dated: April 8, 2021

Law Office of Daniel T. Feld, P.A.
*Co-Counsel for Plaintiff*
2847 Hollywood Blvd.
Hollywood, Florida 33020
Tel: (954) 361-8383
Email: DanielFeld.Esq@gmail.com

*/s Daniel T. Feld*
Daniel T. Feld, Esq.
Florida Bar No. 37013

Mamane Law LLC
*Co-counsel for Plaintiff*
10800 Biscayne Blvd., Suite 650
Miami, Florida 33161
Telephone (305) 773 - 6661
E-mail: mamane@gmail.com

*s/ Isaac Mamane*
Isaac Mamane, Esq.
Florida Bar No. 44561