UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:21-cv-21364-DPG

RAUL ARMANDO VILORIO CASCO,
and all others similarly situated,

      Plaintiff,

v.

TAMIAMI CENTRAL PLAZA, LLC,
HORIZON PROPERTIES OF MIAMI, INC.,

      Defendants.

_____/

## JOINT MOTION TO APPROVE CONFIDENTIAL SETTLEMENT AGREEMENT THROUGH IN CAMERA INSPECTION AND TO DISMISS THIS CASE WITH PREJUDICE

Plaintiff, Raul Armando Vilorio Casco ("Plaintiff") and Defendants, Tamiami Central Plaza LLC and Horizon Properties of Miami, Inc., (collectively, the "Parties"), hereby file this Joint Motion seeking the Court's Approval of the Parties' Confidential Settlement Agreement Through In Camera Inspection and to Dismiss this Case with Prejudice, and state as follows:

1.     Plaintiff filed the instant cause of action alleging violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA").

2.     The matters raised by Plaintiff's Complaint have been resolved in accordance with the Confidential Settlement Agreement and Full and Final Release of All Claims (the "Agreement").

3.     Pursuant to *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, the Court's review of the Parties' Agreement is to determine if it is "a fair and reasonable resolution of a bona fide dispute." 679 F.2d 1354-55 (11th Cir. 1982). If the settlement reflects a reasonable compromise

over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id*. at 1354.

4.      In determining whether the settlement is fair and reasonable, the Court may consider the following factors: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel. *See*, e.g., *Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527. 1531 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287 at *2-3, (M.D. Fla. Jan. 8, 2007). The Court should be mindful of the strong presumption in favor of finding a settlement fair. *Hamilton*, 2007 U.S. Dist. LEXIS at * 2-3.

5.      Here, the settlement amounts and the Agreement were the subject of arms-length negotiations. Thus, the Agreement is consistent with the intent and purpose of the FLSA and the requirements of *Lynn's Food*, as all of the relevant criteria support approval of the ultimate settlement in this matter.

6.       The probability of success on the merits and length of future litigation also militate in favor of this settlement. If the parties continued to litigate this matter, they would be forced to engage in costly litigation in order to prove their claims and defenses. This settlement, therefore, is a reasonable means for both parties to minimize future risks and litigation costs.

7.      In accordance therewith, the Parties request that the Court review, approve and ratify the Agreement through in camera inspection.  Additionally, the Parties request the Court retain jurisdiction to enforce the terms of the Agreement.  *See Association for Disabled Americans*

*v. Key Largo Bay Beach, LLC,* 407 F. Supp 2d 1321 (S.D. Fla. 2005).  This Agreement is conditioned upon the Court's retaining jurisdiction to enforce said Agreement.

As part of the Agreement reached between the Parties, Plaintiff has agreed to dismiss this case with prejudice.  The effectiveness of this stipulation of dismissal is conditioned upon the Court's entry of an order retaining jurisdiction to enforce the terms of the settlement agreement reached in this case. See *Anago Franchising, Inc. v. Shaz, LLC*, 677 F. 3d 1272, 1280 (11th Cir. 2012).

8.     Accordingly, the Parties request, upon the Court's review, approval and ratification of the Agreement, that this action be dismissed with prejudice and that the Court retain jurisdiction to enforce the terms of the Agreement.

9.     Except as otherwise stated in the Agreement, each party shall bear their own fees and costs.

WHEREFORE, the Parties respectfully request that this Honorable Court enter an Order approving through in camera inspection the Confidential Settlement Agreement and Full and Final Release of All Claims, dismissing the claims asserted by Plaintiff against Defendants with prejudice, and retaining jurisdiction to enforce the Agreement.

Respectfully submitted this 11th day of January, 2022.

| | |
|---|---|
| /s/     *Daniel T. Feld* | /s/ Antoinette Theodossakos |
| DANIEL T. FELD, ESQ. | ANTOINETTE THEODOSSAKOS |
| Florida Bar No.: 37013 | Florida Bar No.: 178608 |
| LAW OFFICE OF DANIEL T. FELD, P.A. | SAUL EWING ARNSTEIN & LEHR, LLP. |
| 2847 Hollywood Blvd. | 515 North Flagler Drive, Suite 1400 |
| Hollywood, Florida 33020 | West Palm Beach, Florida 33401 |
| Telephone: (954) 361-8383 | Telephone: (561) 833-9800 |
| DanielFeld.Esq@gmail.com | Antoinette.theodossakos@saul.com |
| *Attorney for Plaintiff* | *Attorney for Defendants* |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 11, 2022 I electronically filed the foregoing document with the Clerk of Court using the Case Management/Electronic Case Files ("CM/ECF"). I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by the CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

> Saul Ewing Arnstein & Lehr, LLP
> Northbridge Centre, Suite 1400
> 515 North Flagler Drive
> West Palm Beach, FL 33401
> Telephone:    (561) 833-9800
> Facsimile:    (561) 655-5551
>
> By:   /s/ Antoinette Theodossakos
> Antoinette Theodossakos
> Florida Bar No. 178608
> Javier Rodriguez
> Florida Bar No. 827347
> Antoinette.Theodossakos@saul.com
> javier.rodriguez@saul.com
> susan.brown@saul.com
> Tracy.alger@saul.com
> Wpb-ctdocs@saul.com

39469511.1

## SERVICE LIST

Daniel T. Feld, Esq.
Law Office of Daniel T. Feld, P.A.
2847 Hollywood Blvd.
Hollywood, Florida 33020
Email: DanielFeld.Esq@gmail.com

Isaac Mamane, Esq.
Mamane Law LLC
10800 Biscayne Blvd., Suite 650
Miami, Florida 33161
E-mail: mamane@gmail.com

5